IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGE RIZO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:04cv197-WKW |
| | )                              (WO) |
| CIBER, INC., | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this employment discrimination action, *pro se* plaintiff George Rizo ("Rizo") alleges that he was terminated from his employment in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12117 ("ADA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 ("ADEA").[1] Specifically, the plaintiff alleges that he "suffers from an obvious congenital disability that affects both of his feet, which compels him to have to wear open-toe footwear" and that he was fired for wearing open-toed footwear in violation of the dress code. (Compl. ¶ 5-6 at 2, doc. # 1). In the amended complaint, the plaintiff alleges that "[t]he Defendants were lenient toward other employees who were not Hispanic, who were younger or who did not suffered (sic) from a disability, and whose attire

---

[1] The plaintiff also allegations a violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794. However, section 504 of the Rehabilitation Act only "prohibits federal agencies from discriminating against 'otherwise qualified' disabled employees." *Boone v. Rumsfeld*, 2006 WL 531303 (11th Cir. March 6, 2006). The plaintiff presents no evidence and makes no allegation that CIBER, Inc. is a federal agency. Consequently, CIBER, Inc. is entitled to judgment as a matter of law on Rizo's Section 504 claims.

were often in violation of the same dress code." (Am. Compl. ¶ 11 at 3, doc. # 54). The sole remaining defendant in this case is CIBER, Inc., a corporation with its principal place of business in Colorado.[2] The court has jurisdiction of the plaintiff's claims pursuant to its federal question jurisdiction, 42 U.S.C. § 1331, and the jurisdictional grants in 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5.[3]

Now pending before the court is CIBER, Inc.'s motion for summary judgment (doc. # 61) filed on December 7, 2005, the plaintiff's motion for summary judgment (doc. # 73) filed on January 30, 2006, and the parties' responses in opposition to the motions. (Docs. # 80 & 81). After careful review of the motion, the briefs filed in support of and in opposition to the motion, and the supporting and opposing evidentiary materials, the court concludes that the defendant's motion for summary judgment is due to be granted and the plaintiff's motion for summary judgment is due to be denied.

## THE SUMMARY JUDGMENT STANDARD

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

---

[2] On August 4, 2004, the Court dismissed the State of Alabama, Department of Human Resources as a party defendant in this action. (Doc. # 22).

[3] The same *prima facie* elements are required to prove Americans with Disabilities Act discrimination claims as are required to prove Title VII discrimination claims. *Earl v. Mervyns, Inc.,* 207 F.3d 1361 (11th Cir. 2000); *Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220 (11th Cir. 1999).

2

(1986).[4] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

The movant may meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324. If the movant succeeds in demonstrating the absence of a material issue of fact, the burden shifts to the non-movant to establish, with evidence beyond the pleadings, that a genuine issue material to the non-movant's case exists. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-17 (11th Cir. 1993); *see also* FED. R. CIV. P. 56(e). ("When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response ... must set forth specific facts

---

[4] In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the court stated:

"[Where the nonmoving party will bear the burden of proof at trial on a dispositive issue...Rule 56(e)...requires the nonmoving party to go beyond the pleadings and by...affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial. . . .We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment...Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves. . . .

*Id.* at 324.

showing that there is a genuine issue for trial."). What is material is determined by the substantive law applicable to the case. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

A dispute of material fact "is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-movant must present "affirmative evidence" of material factual conflicts to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant. *See Holifield v. Reno*, 115 F.3d 1555, 1564 n. 6 (11th Cir. 1997); *Harris v. Ostrout,* 65 F.3d 912 (11th Cir. 1995).

However, if there is a conflict in the evidence, "the [plaintiff's] evidence is to be believed and all reasonable inferences must be drawn in his favor." *Anderson*, 477 U.S. at 255; *Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law  FED. R. CIV. P. 56(c). With these principles of law in mind, the court will determine now whether summary judgment is appropriate and should be granted.

**DISCUSSION**

Rizo alleges that he was terminated because of his national origin, disability and age in violation of Title VII. The defendant argues that it is entitled to summary judgment on all of Rizo's claims because he did not file his charge of discrimination with the Equal Employment Opportunity Commission in a timely manner, and thus, is time barred from proceeding in federal court.

It is undisputed that Rizo was hired as a technical writer by CIBER, Inc. on January 28, 2002, and he was terminated on October 10, 2002. In a non-deferral state, the plaintiff has 180 days in which to file his charge of discrimination with the EEOC. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1220 (11th Cir. 2001). Alabama is a non-deferral state. *Id. See also, Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). Rizo must have filed a charge with the EEOC within 180 days the date of the discriminatory action about which he now complains. 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d); 42 U.S.C. § 12177(a). *See also E.E.O.C. v. Commercial Office Prod. Co.*, 486 U.S. 107, 110 (1988); *Wilkerson*, 270 F.3d at 1317. Thus, the date Rizo was terminated, October 10, 2002, is the date from which the 180 days is calculated. *See Lincoln v. Bd. of Regents of Univ. Sys. of Ga.*, 697 F.2d 928, 944 (11th Cir. 1983).

In this circuit, the failure to file charges with the EEOC within the 180-day time period results in a bar of claims contained in the untimely filed charge. *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000); *Ross v. Buckeye Cellulose Corp.*, 980 F.2d

648, 662 (11th Cir. 1993). In addition, the charge must be in writing, made under oath or affirmation, contain sufficient information and be in the form specified by the EEOC  42 U.S.C. § 2000e-5(b), 42 U.S.C. § 2000e-5(e)(1); *Wilkerson*, 270 F.3d at 1317; *Pijnenburg v. West Ga. Health Sys., Inc.*, 255 F.3d 1304, 1307 (11th Cir. 2001).  The protection of Title VII, the ADA, and the ADEA only applies to those claims of employment discrimination arising within 180 days of the filing of an EEOC charge.  42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d); 42 U.S.C. § 12117(a).

Once the defendant raises the issue of timeliness, the plaintiff bears the burden of proving that the conduct alleged in his EEOC charge satisfies the 180-day rule or establishing that any untimeliness is excused by an equitable exception.[5] *Malone v. K-Mart Corp.*, 51 F. Supp. 2d 1287, 1300 (M.D. Ala. 1999) (citing *Delaware State Coll. v. Ricks*, 449 U.S. 250, 256 (1980)).  The defendant raises the statute of limitations defense in its answer (doc. # 10 at 2) and motion for summary judgment (doc. # 62 at 10), arguing that Rizo's Title VII, ADA, and ADEA claims are due to be dismissed because his EEOC charge was not timely filed.

The undisputed evidence demonstrates that Rizo was terminated from his employment on October 10, 2002.  (Pl's Mot. for Summ. J. ¶ 2 at 1; Def's Ex. 1, Declaration Rob Kuhn ¶ 10 at 4).  Rizo signed his charge to the EEOC on April 17, 2003.  (Def's Ex. A at p. 3 attached to Mem. in Supp. of Mot. for Summ. J.).  The EEOC received this charge on April

---

[5] The plaintiff does not argue that any equitable exception exists to toll the statute of limitations.

17, 2003. *Id*. CIBER, Inc. received a notice of charge of discrimination from the EEOC dated May 6, 2003. (*Id*. at p. 1).

Rizo was notified of his termination on October 10, 2002. He had 180 days from that date to file a charge of discrimination with the EEOC. His charge was therefore due to the EEOC on or before April 8, 2003. Rizo did not sign his charge to the EEOC until April 17, 2003. The EEOC received his charge on April 23, 2003. Consequently, his charge was submitted 193 days after he was terminated. The only evidence before the court clearly demonstrates that all of the incidents about which the plaintiff complains occurred more than 180 days before he filed a charge of discrimination with the EEOC. The onus is on the party opposing the motion for summary judgment to submit affirmative evidence demonstrating an genuine issue of material fact on an essential element of his claim. *Celotex,* 477 U.S. at 322. Although a *pro se* plaintiff, Rizo is not absolved of his duty to provide the court with specific facts showing that there is a genuine issue for trial. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

In his response to CIBER Inc.'s opposition to his motion for summary judgment, Rizo asserts that "Defendant is wrong in alleging that Plaintiff's EEOC claim was timely made. The Plaintiff accepts no responsibility for Defendant's negligence to inspect the record." (Pl's Resp. to CIBER Inc.'s Answer ¶ 4 at 1). However, the plaintiff alleges no facts and makes no argument in response to the defendant's motion for summary judgment on issue of timeliness of his EEOC complaint. He does not point to or otherwise provide the court with


any evidence to substantiate his allegation that CIBER Inc. is wrong on this issue. The burden is on the parties to formulate arguments and grounds in response to a motion for summary judgment. *See Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994). More importantly, however, the law is clear that Rizo was required to file his complaint with the EEOC in a timely manner. Consequently, because the plaintiff has failed to demonstrate a genuine issue of material fact regarding the filing of a timely EEOC charge, the court concludes that all of Rizo's claims are barred by the 180-day rule.

## IV. CONCLUSION

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motion for summary judgment be granted and this case be dismissed. It is further the RECOMMENDATION of the Magistrate Judge that costs be taxed against the plaintiff. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **April 27, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of April, 2006.

                                                                                  /s/Charles S. Coody
                                                       CHARLES S. COODY
                                                       CHIEF UNITED STATES MAGISTRATE JUDGE